UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ABRAHAM CROSBY, JR.,                                          **COMPLAINT**

                                    Plaintiff,

                                                             Index No.:

          -against-
                                                             <u>Jury Trial Demanded</u>

COUNTY OF SUFFOLK, JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

     Plaintiff ABRAHAM CROSBY, JR., by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ABRAHAM CROSBY, JR. is a forty-five-year-old African American resident of the State of New York, County of Suffolk.

7.      Defendant COUNTY OF SUFFOLK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant COUNTY OF SUFFOLK maintains the Suffolk County Police Department (hereinafter referred to as "SCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF SUFFOLK.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF SUFFOLK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

## FACTS

12.     On April 4, 2018, starting at approximately 8 a.m. in the vicinity of the Bretton Woods Apartments in Coram, New York, and thereafter inside the 6th Precinct stationhouse located at 400 Middle Country Road, Selden, New York, while in the custody of SCPD defendant officers, said officers assaulted, battered, and unreasonably subjected plaintiff to excessive force.

13.     On the aforesaid date, plaintiff was arrested inside the Bretton Woods apartment complex.

14.     Incident to said arrest, SCPD officers rear handcuffed plaintiff and placed him seat belted in the front passenger seat of a department auto.

15.     While plaintiff was rear cuffed, and seat belted, inside the department auto, one of the SCPD officers involved in his arrest unreasonably and otherwise unlawfully grabbed plaintiff by the neck and struck plaintiff twice in the head.

16.     Plaintiff immediately asked medical attention, but the defendant SCPD officers refused plaintiff's request and instead drove plaintiff to the 6th Precinct in Selden, New York, for arrest processing.

17.     Plaintiff again asked for medical attention at the precinct, and was again denied.

18.     Plaintiff then asked to speak to a sergeant.

19.     Plaintiff was then handcuffed, and while being escorted inside the precinct by a SCPD officer—believed to hold the rank of detective—said officer struck plaintiff on his left.

20.     Plaintiff responded by saying in sum and substance, please don't hit me, at which time another SCPD officer shoved plaintiff into a wall, causing him to hit his right side, then pushed him into another wall, then face first into a door.

3

21. Plaintiff asked why they were doing this, at which time a defendant SCPD officer stated in sum and substance don't you ever shut up.

22. The door plaintiff was shoved into was then opened, and plaintiff was thrown face first onto the floor while he felt officers tripping him.

23. Officers grabbed plaintiff's arms and pants and then pushed him headfirst into a window frame, resulting in him sustaining a facial laceration that necessitated approximately seven stiches to close at Mather Hospital, where plaintiff was taken in police custody for treatment.

24. As a result of all of the foregoing excessive uses of force, plaintiff also suffered, without limitation, an abrasion to his knee, needless pain and suffering, and mental anguish.

25. Defendants JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

26. Defendant SCPD officers JOHN DOE 1 and 10 owed a duty to plaintiff to ensure his safety in their custody.

27. Defendant SCPD officers JOHN DOE 1 and 2 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff ABRAHAM CROSBY, JR. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the COUNTY OF SUFFOLK and the SCPD, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the COUNTY OF SUFFOLK, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of using excessive force.

34.     The aforesaid event is not an isolated incident.  Defendant COUNTY OF SUFFOLK is aware from investigations, lawsuits, notices of claims, and complaints filed with the SCPD, and the COUNTY OF SUFFOLK that many SCPD officers, including the defendants, are insufficiently trained regarding the use of force.

35.     Defendant COUNTY OF SUFFOLK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant COUNTY OF SUFFOLK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.     Moreover, upon information and belief, defendant COUNTY OF SUFFOLK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant COUNTY OF SUFFOLK has retained these officers, and failed to adequately train and supervise them.

37.	As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendants John Doe 1 and 2)

38.	Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.	The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ABRAHAM CROSBY, JR.'S constitutional rights.

40.	As a result of the aforementioned conduct of defendants, plaintiff ABRAHAM CROSBY, JR. was subjected to excessive force and sustained serious physical injuries and emotional distress.

41.	As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendant John/Jane Doe Defendants)

42.	Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants had an affirmative duty to intervene on behalf of plaintiff ABRAHAM CROSBY, JR., whose constitutional rights were being violated in their presence by other officers.

44.     Defendants failed to intervene to prevent the unlawful conduct described herein.

45.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. was subjected to excessive force and he was put in fear of his safety.

46.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

49.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FORTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983 against Defendant COUNTY OF SUFFOLK)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.     The COUNTY OF SUFFOLK engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff ABRAHAM CROSBY, JR.'S rights as described herein.  As a result of the failure of the COUNTY OF SUFFOLK to properly train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF SUFFOLK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ABRAHAM CROSBY, JR..

54.     The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCPD were the direct and proximate cause of the constitutional violations suffered by plaintiff ABRAHAM CROSBY, JR. as alleged herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCPD were the moving force behind the Constitutional violations suffered by plaintiff ABRAHAM CROSBY, JR. as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCPD, plaintiff ABRAHAM CROSBY, JR. was subjected to physical abuse.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ABRAHAM CROSBY, JR.'S constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff ABRAHAM CROSBY, JR. of federally protected rights, including, but not limited to, the right:

      A.     To be free from excessive force; and

      B.     To be free from the failure to intervene.

59. As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the COUNTY OF SUFFOLK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The COUNTY OF SUFFOLK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

64.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

65.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against Defendant Officers and County of Suffolk)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. was placed in apprehension of imminent harmful and offensive bodily contact.

68.     As a result of defendants' conduct, plaintiff ABRAHAM CROSBY, JR. has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

69.     The individually named defendants assaulted plaintiff.  Defendant County, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

70.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against Defendant Officers and County of
Suffolk)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants made offensive contact with plaintiff ABRAHAM CROSBY, JR.

without privilege or consent.

73.     As a result of defendants' conduct, plaintiff ABRAHAM CROSBY, JR. suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

74.     Defendant County, as employer of the each of the individually named defendant

officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

75.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against
Defendant County of Suffolk)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Upon information and belief, defendant COUNTY OF SUFFOLK failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted

and battered plaintiff ABRAHAM CROSBY, JR..

78.     Defendant COUNTY OF SUFFOLK knew, or should have known in the exercise

of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

79.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant County of Suffolk)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Upon information and belief, the defendant COUNTY OF SUFFOLK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

82.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against defendants John Doe 1 and 2, and COUNTY OF SUFFOLK)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant COUNTY OF SUFFOLK and its employee defendants who were on

duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

85.     Defendant County, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*.

86.     As a result of the foregoing, plaintiff ABRAHAM CROSBY, JR. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ABRAHAM CROSBY, JR. demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 2, 2019

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff ABRAHAM CROSBY, JR.
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                        By:     *Brett Klein*
                                                _____
                                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

ABRAHAM CROSBY, JR.,

                                        Plaintiff,

        -against-

COUNTY OF SUFFOLK, JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132