UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ABRAHAM CROSBY, :
:
Plaintiff, :
:
-against- :
:
COUNTY OF SUFFOLK, MICHAEL MURNAME, NICHOLAS ASPROMGOS, AND BRYAN MASTRANGELO, :
:
Defendants. :
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
**19-cv-3849(DLI)(RML)**

**DORA L. IRIZARRY, United States District Judge:**

On July 2, 2019, Abraham Crosby, Jr. ("Plaintiff") initiated this action against the County of Suffolk, Officer Michael Murname ("Murname"), Officer Nicholas Aspromgos, and Officer Bryan Mastrangelo (collectively, "Defendants"), alleging claims for excessive force, failure to intervene, and supervisory and municipal liability pursuant to 42 U.S.C. § 1983, as well as state law claims for assault, battery, negligence, negligent hiring, and negligent training and supervision. *See*, Compl., Dkt. Entry No. 1. Plaintiff filed an Amended Complaint on June 30, 2020. *See*, Amended Compl., Dkt. Entry No. 26. Defendants answered the Amended Complaint on September 4, 2020. *See*, Answer, Dkt. Entry No. 31. On April 2, 2024, the parties stipulated to dismiss Plaintiff's supervisory and municipal liability claims pursuant to § 1983, as well as Plaintiff's negligence, negligent hiring, and negligent training state law claims. *See*, Dkt. Entry No. 75; June 6, 2024, Minute Entry.

Murname filed a fully briefed motion for partial summary judgment and Rule 56.1 statement. *See*, Murname's Mot. for Summ. Jdgmt. and Mem. of L. (collectively, "Mot."), Dkt. Entry Nos. 80, 80-2; Rule 56.1 Statement, Dkt. Entry No. 80-1 ("Murname's 56.1"). Plaintiff opposed and responded to Murname's Rule 56.1 statement. *See*, Plaintiff's Mem. in Opp'n

("Opp'n"), Dkt. Entry No. 80-10; Rule 56.1 Statement ("Pl.'s 56.1 and Counterstatement"), Dkt. Entry No. 80-9. Murname replied. *See*, Reply, Dkt. Entry No. 80-15. For the reasons set forth below, Murname's motion for partial summary judgment is denied.

## BACKGROUND

### I. Local Civil Rule 56.1 – Facts and Evidence Considered

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires that a party moving for summary judgment submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried ("Rule 56.1 Statement"). *See*, Local Civ. R. 56.1(a). Similarly, a party opposing a motion for summary judgment shall submit papers that include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *See*, Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 Statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 counterstatement. *See*, Local Civ. R. 56.1(c); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001). Each statement by the movant, or statement denying a material fact by the nonmovant, must be followed by citation to admissible evidence. *See*, Local Civ. R. 56.1(d).

Murname's Rule 56.1 Statement consists of eight paragraphs. *See*, Murname's 56.1. Plaintiffs' Rule 56.1 counterstatement consists of objections to one paragraph and three additional numbered paragraphs. *See*, Pl.'s 56.1 and Counterstatement. The only disputed paragraph in Murname's 56.1, paragraph 3, does not set forth material facts. Plaintiff's objection to paragraph

3 cites the declaration of Scott J. Kreppein, counsel for Murname. *See*, Pl.'s 56.1 and Counterstatement (citing Kreppein Decl., Dkt. Entry No. 80-3). However, because this declaration merely lists the exhibits submitted in support of Murname's motion and does not support Plaintiff's objection and response, paragraph 3 is deemed admitted. *See*, *Holtz*, 258 F.3d at 73 ("[W]here cited materials do not support factual assertions in the [Rule 56.1 statements], the Court is free to disregard the assertion."). Thus, paragraphs 1-8 in Murname's 56.1 are uncontroverted.

Murname did not file a counterstatement to Plaintiff's 56.1 and Counterstatement and did not dispute any of Plaintiff's additional numbered paragraphs by citation to admissible evidence. *See*, Reply. Instead, Murname contends in his reply that Plaintiff's declaration submitted in support of Plaintiff's 56.1 counterstatement should be disregarded because it contradicts Plaintiff's prior deposition testimony in an attempt to create an issue of fact. *See*, Reply, Dkt. Entry No. 80-15 at 1. The Court disagrees.

It is well established that a nonmoving party "cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *See*, *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010). However, if the allegations "explain or amplify prior deposition testimony, then the affidavit may create a genuine issue of material fact sufficient to defeat summary judgment." *Id.* During his deposition and as described below, Plaintiff provided a general narrative of the events at issue in response to general questions by defense counsel to explain "everything that happened." *See*, Pl.'s Crosby Dep. Tr. at 12-17, Dkt. Entry No. 80-13. Then, for the first time in his Rule 56.1 counterstatement, Plaintiff claims that he was struck two times by Murname in the back of the head, and attests to the same in a sworn declaration. *See*, Pl.'s 56.1 and Counterstatement; Pl.'s Oct. 14, 2024, Decl. ¶ 4, Dkt. Entry No. 80-11.

While Plaintiff did not state during his deposition that he was struck in the head by Murname, his later, more detailed statement does not contradict his prior testimony. *C.f. Polito v. Tri-Wire Engineering Solution, Inc.*, 699 F. Supp.2d 480, 485 n. 1 (E.D.N.Y. 2010) (reasoning that plaintiff's statements that her job responsibilities changed after she announced her pregnancy directly contradicted prior deposition testimony that her duties had not changed); *See also*, *Langman Fabrics, a div. of Blocks Fashion Fabrics, Inc. v. Graff Californiawear, Inc.*, 160 F.3d 106, 112 (2d Cir. 1998) ("Although Langman's later account of the design's creation is far more detailed than the first, the additional factual details . . . are not inconsistent with his first, brief account."). Defense counsel's open and leading questions at deposition to explain "everything that happened" and whether Plaintiff had anything else to add were ambiguous and do not foreclose such additional amplifying testimony. Moreover, Murname's contention that Plaintiff's declaration is not believable because Plaintiff's claim that he was punched in the back of the head "does not fit the narrative offered during Plaintiff's deposition" is meritless. *See*, Reply at 5. Credibility assessments are the province of the jury, not for the Court on a motion for summary judgment. *See*, *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006). Thus, consideration of Plaintiff's declaration is proper.

In reviewing this motion for partial summary judgment, the Court has considered only facts that have been established by admissible evidence and disregarded conclusory allegations and legal arguments contained in the Rule 56.1 Statements. *See*, *Holtz*, 258 F.3d at 73. The Court also has exercised its discretion to "conduct an assiduous review of the record" in order "to consider what the parties fail to point out in their Local Rule 56.1 Statements." *Id.* (internal quotation marks and citation omitted).

## II. Factual Background

On April 4, 2018, Plaintiff went to the home of Sheila Stevenson, located at 968 Skyline Drive, Coram, NY, in violation of an Order of Protection. *See*, Crosby Dep. at 6:2-6, 10:20-12:8; Police Rep., Dkt. Entry No. 80-6 at 2. As he was retrieving his clothes from Ms. Stevenson's house, Plaintiff was approached by a law enforcement officer who asked Plaintiff if he knew about a call that was made or a disturbance in the area. *See*, Crosby Dep. at 11:4-10. Plaintiff then fled the scene. *Id.* at 12:2-14. Eventually, police officers detained Plaintiff, put him in handcuffs, and placed him in the passenger side of a patrol car. *Id.* at 14:23-15:4.

While in the patrol car, Plaintiff received and answered a call on his cellphone from his mother. *Id.* at 15:4-8. Murname asked Plaintiff who he was talking to and told Plaintiff to hand over the phone. *Id.* at 15:9-12. When Plaintiff refused, Murname grabbed Plaintiff by the neck and, again, demanded that Plaintiff hand over the phone. *Id.* at 15:15-17. Plaintiff yelled that he was being hurt, and Murname let go of Plaintiff and walked around to the passenger side of the patrol car. *Id.* at 15:18-23.

Murname pushed Plaintiff's head down between his legs, held him in that position by his neck, and demanded Plaintiff hand over his phone. *Id.* at 15:24-16:3. After Murname took Plaintiff's phone, Plaintiff grabbed the walkie-talkie in the center console and announced that he was being assaulted. *Id.* at 16:6-13. Murname took the walkie-talkie from Plaintiff and said: "let's just calm down and stop what you're doing." *Id.* at 16:14-20. The parties dispute whether Murname struck Plaintiff twice with a closed fist in the back of the head while Plaintiff was still handcuffed in the patrol car. *See*, Crosby Dec. at ¶ 4-5.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A genuine factual dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Instead, the nonmoving party affirmatively must set out facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"[W]here the nonmoving party bears the burden of proof as to a particular issue, the moving party may satisfy his burden under Rule 56 by demonstrating an absence of evidence to support

an essential element of the nonmoving party's claim." *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991). "Where the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that his claim is not 'implausible.'" *Id.*

## DISCUSSION

Murname contends that he is entitled to summary judgment on Plaintiff's excessive force claim because it was objectively reasonable for Murname to grab Plaintiff by the neck in order to seize the phone from behind Plaintiff's back.[1] *See*, Mot. at 8-9. Nevertheless, Murname asserts that he is entitled to qualified immunity because the force employed was not gratuitous or significant and did not violate clearly established law. *Id.* at 9.

### I. Excessive Force

Plaintiff asserts that Murname violated his constitutional rights by using excessive force when Murname grabbed him by the throat, punched him twice in the back of the head, and pushed him by the neck until his head was between his legs. *See*, Opp'n at 2-4. Viewing the evidence in the "light most favorable" to Plaintiff as the non-moving party, and drawing "all reasonable inferences in [his] favor," the Court finds that Plaintiff's excessive force claim cannot be resolved as a matter of law at this juncture. *See*, *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

"The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's 'reasonableness'

[1] Murname did not argue in his brief that he is entitled to summary judgment as to Plaintiff's failure to intervene claim. *See*, Mot. While perhaps inartful in its wording, the Amended Complaint seeks to hold all individually named defendants, which includes Murname, liable for both excessive force and failure to intervene. *See*, Amended Complaint at 7. This oversight by Murname is inconsequential given the Court's denial of Murname's motion for summary judgment.

standard." *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). A police officer's use of force is "excessive" in violation of the Fourth Amendment if it is objectively unreasonable in light of the facts and circumstances known to the officer at the time. *See*, *Lennon v. Miller*, 66 F.3d 416, 426-25 (2d Cir. 1995). When analyzing whether the force used was reasonable or not, courts consider: "[(1)] the severity of the crime at issue, [(2)] whether the suspect poses an immediate threat to the safety of the officers or others, and [(3)] whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "Given the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *See*, *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004).

Each of the three *Graham* factors weigh against granting summary judgment for Murname. First, the crime at issue is a "relatively minor one." *See*, *Cugini v. City of New York*, 941 F.3d 604, 613 (2d Cir. 2019) ("[T]he crime at issue was a relatively minor one: the misdemeanor offense of stalking and harassing a family member from whom she was estranged."); *See also*, *Williams v. City of New York*, 2025 WL 2381569, at *7 (S.D.N.Y. Aug. 15, 2025) (explaining that misdemeanors are "generally treated as less serious crimes under the *Graham* analysis"). While Plaintiff did violate an Order of Protection by going to Ms. Stevenson's house, such a violation under the facts alleged here is a misdemeanor offense in New York.[2] Moreover, Plaintiff contends he was there only to retrieve his clothes, seemingly at Ms. Stevenson's request. *See*, Crosby Dep. at 10:23-11:10.

---

[2] Violating an Order of Protection is a misdemeanor offense in New York unless the violation is repeated, accompanied by threats of harm, or results in harm to another. *Compare* N.Y.P.L. § 215.50 *with* N.Y.P.L. § 215.51(b).

Second, there is no indication that Plaintiff posed a safety threat, immediately or otherwise, to Murname or anyone else. While Plaintiff initially did flee from the police at Ms. Stevenson's house, Plaintiff already was in custody and handcuffed in the patrol car when Murname allegedly exercised force against him. Third, nothing in the record indicates that Plaintiff was attempting to resist or evade arrest by flight at this time. Under these circumstances, a reasonable jury could find that Murname's use of force in response to Plaintiff's refusal to give his phone to the officer while detained was unjustified, particularly where Murname was aware that the item in Plaintiff's possession was a cellphone, as opposed to a gun. *Id.* at 15:15-17 ("[H]e said 'give me the phone, give me the phone.'"). This alone precludes summary judgment.

Moreover, a genuine issue of material fact exists as to whether Murname punched Plaintiff twice in the back of the head while Plaintiff was handcuffed in the patrol car. If true, this fact could sustain an excessive force claim. *See*, *McLendon v. Cnty of Nassau*, 2012 WL 4849144, at *9 (E.D.N.Y. Oct. 11, 2012) ("Plaintiff's testimony that he was kicked and 'pulverized' after being placed in handcuffs also raises a triable issue of fact. Unnecessary blows inflicted while an arrestee is in handcuffs may be sufficient to sustain an excessive force claim."). At this stage, the Court cannot conclude that a fact finder reasonably could not credit Plaintiff's testimony and find the force used against him was unreasonable in these circumstances.

## II. Qualified Immunity

Qualified immunity is an "immunity from suit rather than a mere defense to liability" that protects government officials "from liability for civil damages." *Bryant v. Egan*, 890 F.3d 382, 386 (2d Cir. 2018); *Garcia v. Does*, 779 F.3d 84, 91 (2d Cir. 2015). When resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the facts, "[t]aken in the light most favorable to the party asserting the injury, . . . show

the officer's conduct violated a [federal] right." *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (internal citation omitted). "The second prong . . . asks whether the right in question was clearly established at the time of the violation. *Id.* (citation and internal quotation marks omitted). The relevant inquiry under the second prong is whether "it was objectively reasonable for the officer to believe that he acted lawfully, based on clearly established law and the information he possessed." *See*, *Matusak v. Daminski*, 165 F.4th 702, 711 (2d Cir. 2026). Courts have discretion to decide which of the two prongs should be addressed first in light of the circumstances of the particular case at hand. *See*, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

"[E]ven if [a] defendant['s] actions were unreasonable under current law, qualified immunity protects officers from the sometimes-hazy border between excessive and acceptable force." *See*, *Kerman v. City of New York*, 261 F.3d 229, 239 (2d Cir. 2001). Thus, an officer is entitled to qualified immunity where he reasonably mistakes what the law requires. *Id.* However, summary judgment is inappropriate where the "determination of a constitutional violation turns on which of the two conflicting stories best captures what happened." *Baker v. City of New York*, 551 F. Supp.3d 258, 268 (S.D.N.Y. 2021) (citing *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 763 (2d Cir. 2003)).

Here, genuine issues of material fact preclude summary judgment for Murname. Specifically, it is disputed whether the force employed by Murname was reasonable, as well as whether Murname punched Plaintiff twice in the back of the head. Where genuine issues of material fact exist as to the reasonableness of an officer's use of force, it is improper to grant summary judgment on the basis of qualified immunity. *See*, *John v. City of New York*, 406 F. Supp.3d 240, 246 (E.D.N.Y. 2017) ("Here, where there are questions of material fact as to the reasonableness of the force used during Plaintiff's arrest, summary judgment on the ground of

qualified immunity is not appropriate."); *See also*, *Frederique v. Cnty. of Nassau*, 168 F Supp.3d 455, 479 (E.D.N.Y. 2016) ("[S]ummary judgment on qualified immunity grounds is inappropriate where genuine issues of material fact preclude a finding that an officer's actions were objectively reasonable."). Accordingly, because genuine issues of material fact as to the reasonableness of Murname's conduct "overlap both the excessive force and qualified immunity issues, summary judgment must be denied." *Baker*, 2020 WL 7342723, at *4.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
October 22, 2026

/s/
DORA L. IRIZARRY
United States District Judge